UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
WAYNE STEINHILBER,                                     :
                       Petitioner,         :
                                           :        **ORDER ADOPTING REPORT**
v.                                            :        **AND RECOMMENDATION**
                                           :
KIRKPATRICK, M., and                 :        18 CV 1251 (VB)
ERIC T. SCHNEIDERMAN,           :
                      Respondents.    :
--------------------------------------------------------------x

Briccetti, J.:

       Before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation ("R&R"), dated August 21, 2020, on Wayne Steinhilber's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. #32). Petitioner waived his right to a jury trial and was convicted after a bench trial in Orange County Court of two counts of burglary in the first degree, attempted robbery in the first degree, two counts of assault in the second degree, menacing in the second degree, and criminal possession of a weapon in the third degree. Petitioner was sentenced to fifteen years' imprisonment on the burglary counts, and lesser prison sentences on the other counts, all of which were to run concurrently. The Appellate Division, Second Department, affirmed the conviction and sentence, and the Court of Appeals denied petitioner's application for leave to appeal. Thereafter, the Appellate Division denied petitioner's writ of error coram nobis, and the Court of Appeals denied his application for leave to appeal.

       The parties' familiarity with the factual and procedural background of this case is presumed.

1

The magistrate judge recommended that the petition be denied in its entirety. For the following reasons, the Court agrees with the magistrate judge. Accordingly, the R&R is adopted as the opinion of the Court, and the petition is DENIED.

I.      Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail, see Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews de novo those portions of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). As petitioner is proceeding pro se, this Court "will 'read his supporting papers liberally, and interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).[1] "Nonetheless, even a pro se party's objections to a Report and Recommendation must

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

2

be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is entitled to habeas corpus relief only if he can show, in adjudicating his claim on the merits, the state court either (i) unreasonably applied, or made a decision contrary to, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)–(2). The state court's determination of factual issues is presumptively correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Moreover, when a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent. Clark v. Perez, 510 F.3d 382, 391 (2d Cir. 2008). Finally, a petitioner's unexhausted claims can be denied on their merits under a de novo standard of review. 28 U.S.C. § 2254(b)(2); see Berghuis v. Thompkins, 560 U.S. 370, 390 (2010).

II.  Petitioner's Objections

Petitioner filed objections to the R&R. (Doc. #36). Liberally construed, the objections contain the following arguments: (1) the trial court failed to apply the Molineux balancing test with respect to the admission of evidence of prior uncharged crimes, (2) trial counsel was ineffective with respect to the Molineux issue, (3) trial counsel was ineffective for failing to move to suppress evidence or controvert warrants, (4) appellate counsel was ineffective for

failing to understand the law relating to trial transcript inaccuracies, (5) appellate counsel was ineffective for failing to argue lack of chain of custody with respect to a sweatshirt offered in evidence, (6) Judge McCarthy improperly failed to reach the merits of the chain of custody argument with respect to the sweatshirt, and (7) Judge McCarthy misunderstood petitioner's Brady argument.

Petitioner's objections largely rehash the arguments in his habeas petition and are otherwise general and conclusory. The Court therefore reviews those portions of the R&R for clear error. See Ortiz v. Barkley, 558 F. Supp. 2d at 451. Having done so, the Court finds no error, clear or otherwise. However, the Court makes the following additional observations with respect to certain of petitioner's objections.

First, in petitioner's fifth and sixth objections, petitioner argues the sweatshirt in evidence says "Quiksilver" on it, not "Billibong," and that his appellate counsel was ineffective because he did not raise a chain of custody argument based on this distinction. To the extent petitioner argues appellate counsel should have argued the People failed to establish chain of custody for the sweatshirt, this argument simply restates one raised in the habeas petition. Moreover, Judge McCarthy did consider—and reject—the merits of the chain of custody argument, including the claim that "the description of the sweatshirt given by the victim and the police did not match the sweatshirt entered into evidence." (R&R at 67–69).[2]

Second, in petitioner's seventh objection, he argues Judge McCarthy misunderstood his Brady argument. Petitioner appears to argue that despite the multiple references in his habeas

---

[2] The record reflects the sweatshirt was referenced during trial as having either the "Quiksilver" or "Billibong" name on it. See, e.g., Doc. #23-18 at 78 ("Q: It's a fact, then, that you did not mention in the search warrant application that there was any brand name, Quiksilver logo, Billibong, whatever that is on the sweatshirt, is that correct? A: Correct."); id. ("Q: And that's because [the victim] never mentioned that logo, correct? A: Not to me.").

4

petition to Brady violations, he was not raising any arguments about Brady violations, but instead, was making an argument that the trial court improperly admitted evidence of "[f]alse voice identification." (Doc. #36 at 7–8). Even if that is the case, Judge McCarthy did consider—and reject—petitioner's argument that the trial court erroneously admitted telephone recordings in which petitioner was identified by his voice. (R&R at 41–43).

Third, to the extent petitioner argues that Judge McCarthy "misalleges the facts" (e.g., Doc. #36 at 2), petitioner has not identified any specific factual inaccuracies. Nor has the Court identified any factual inaccuracies in its review of the R&R and the underlying record.

Finally, because petitioner made no objection to the remaining portions of the R&R, the Court has reviewed those portions for clear error. Finding no error, the Court adopts those portions of the R&R.

## CONCLUSION

Having carefully reviewed the magistrate judge's thorough and well-reasoned R&R and the underlying record, the Court finds no error, clear or otherwise. Accordingly, the Court adopts the R&R as the opinion of the Court, and the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter Judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this order to petitioner at the address on the docket:

Wayne Steinhilber
DIN 14-A-0901
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY  12929

In addition, because a review of the DOCCS "inmate lookup" indicates that petitioner is currently housed at a different facility, Chambers will also mail a copy of this order to petitioner at the following address:

Wayne Steinhilber
DIN 14-A-0901
Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, NY  12733-2080

The Clerk is directed to mail the Clerk's Judgment, with notice of right to appeal forms attached, to petitioner at <u>both</u> of the above addresses.  The Clerk is also directed to update petitioner's address on the docket to include both addresses.

Dated: April 5, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge